ALDEN *versus* NOONEN.

Of the construction of the boundaries of lands.

The north line of B. & D's land is 100 rods and 6 inches north from the public road. A levy was made of land, described to lie north of B. & D's land, and commencing at a tree $85\frac{1}{2}$ rods north from the road, and thence extending northwardly $72\frac{1}{2}$ rods; thence east 14 rods; thence south $72\frac{1}{2}$ rods to the N. E. corner of B. & D's land; thence west on their north line to said tree. The tree cannot be found. *Held,* that the south line of the levy is at B. & D's north line.

WRIT OF ENTRY, to recover a small lot, (20 by 50 feet,) of land. It is a part of a large tract formerly owned by one Greenleaf. Blake and Dix had owned a piece of land, extending northwardly to a point 100 rods and 6 inches from the road.

Sewall made a levy on Greenleaf's land, described, (so far as material to this case,) as beginning at a tree, $85\frac{1}{2}$ rods north from the road, and lying north of Blake and Dix's land, and extending from said tree north, $72\frac{1}{2}$ rods, and for its southern boundary, extending from the north-east corner of Blake and Dix's land west, along their north line, to said tree. The demandant has title under this levy. The tree cannot be found. If Sewall's levy is construed to begin at a point $85\frac{1}{2}$ rods from the road, it will not cover the demanded premises, and the demandant is not entitled to recover. But if Sewall's levy be construed to commence at the north line of Blake and Dix's land, it will embrace the demanded premises, and the demandant will be entitled to recover. In that case, however, the levy will extend a few rods farther north than Greenleaf ever owned.

*Cutting,* for the plaintiff.

*Moody,* for the defendant.

WELLS, J. — The demandant claims title under Joseph Sewall and others, by virtue of a levy made in their favor against Samuel Greenleaf, to whom Catherine Haynes conveyed two parcels of real estate, extending from the county

road, in a north course, one hundred and sixty-three rods. There were three levies made on Greenleaf's land. The first was in favor of Stephen Higginson and another, commencing on the county road and extending north thirty one rods, eight feet and nine inches. The second was in favor of ´Martin Blake and two others whose name was Dix, beginning on the northeast corner of the land set off to Higginson and another, and reciting its distance from the county road, thence running north sixty-eight and a half rods. The extent of these two levies from the road is one hundred rods and six inches. The third is that of Joseph Sewall and others, and is described as follows : — " beginning at a small hemlock tree, marked, standing eighty-five and a half rods from the county road, on the east line of land owned by John Barker, and lying north of land set off from Samuel Greenleaf to Blake and Dix, thence running north by land of John Barker seventy-two and a half rods to a stake and stones, thence east fourteen rods to the west line of land owned by Allen Gilman, thence south seventy-two and a half rods to a stake and stones on the west line of said Gilman's land, and on the north-east corner of land of Blake and Dix, thence west fourteen rods by the north line of Blake and Dix's land to a hemlock tree, being the first mentioned bounds, containing six acres and sixty-five rods."

If the third levy commences at the north line of the second, then the demandant is entitled to recover, but if it commences eighty-five and a half rods from the road, then the tenant is entitled to recover. The location of the hemlock tree and the stake and stones cannot be ascertained. No witness is produced, who is able to testify to their existence. The levy of Blake and Dix is referred to as a boundary three several times in that of Sewall and others, and there could be no difficulty in finding its northern limits by running from the county road. It is quite apparent that it was intended to make the third levy contiguous to the second, but not to interfere with it. And it is more probable that the hemlock tree was in fact at the north-west corner of the Blake and Dix lot, than fourteen and a half rods south of it. The error might have originated by

assuming, without an admeasurement, the distance of the Blake and Dix north line from the road. In *Pride* v. *Lunt*, 19 Maine, 115, land set off on execution, when found to exist as described, was regarded as a monument.

Assuming the second levy to be a monument, the limits of which can be clearly ascertained, then the levy under which the demandant claims, being the third one, must be bounded by it, and the line, eighty-five and a half rods from the road, must yield to the monument as more certain evidence. If the location of the hemlock tree had been found, not in the northern line of the second levy, then there would be two monuments incompatible with each other, and it would have become necessary to determine which of them should prevail, as in the case of *Lincoln* v. *Wilder*, 29 Maine, 169. But it cannot be found, and the place where it stood is declared in one part of the levy by a length of line merely, and in another part by the northern line of the second levy, and the places are not coincident. It is more satisfactory to believe, that the two monuments, which, to meet the intention of the parties, ought to coincide, did so in fact, rather than that they were several rods apart. Viewing the case as if no tree had been mentioned, the southern boundary of the demanded premises is well defined by the northern line of the second levy. The fact, that the demandant's land, if it commences at the second levy, would by its length of lines extend nine rods beyond the land of the judgment debtor, is evidence of some weight in favor of the tenant, but not sufficient to control the boundary by the second levy. So also the declarations of the demandant, that his land embraced a part of that, which lay within the limits of the second levy, cannot be regarded of much importance, for there was no location of the dividing line between the parties, nor any agreement in relation to it, and it is manifest that they were made under a mistake. *Gove* v. *Richardson*, 4 Greenl. 327.

According to the view taken of the case, the demandant is entitled to recover, and he claims three-fourths of the demanded premises. He does not disclose a title to but one-fourth.

It is agreed between the parties, that he might introduce at the argument, any other deeds to show his title. One is mentioned in the argument from two of the execution creditors to Joseph Sewall, but it is not found among the papers. Upon the exhibition of it to the court by the demandant, he can have judgment for three-fourths of the premises.

The right to betterments does not appear to be contested. There was but one witness, who testified to them, and to the value of the premises. The former he estimates at one hundred and fifty dollars, and the latter to be worth from twenty to twenty-five dollars, and a medium would be twenty-two dollars and fifty cents. The parties must be governed by the estimate made by the witness, which was upon the whole lot, as to the proportion, which the demandant must pay or receive, in the same manner as is provided by the statute, if those sums had been found by a jury.

*Judgment for the demandants.*